IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WENDELL WHITT                                                                                    PLAINTIFF

v.                                            No. 5:16-CV-05024

SHERIFF KELLEY CRADDUCK;
DR. SAEZ; and DEPUTY HALE                                                                         DEFENDANTS

**OPINION AND ORDER**

      Before the Court are a motion (Doc. 7) to dismiss and brief in support (Doc. 8) filed by Defendant Dr. Saez. In response to a questionnaire propounded by the Court, Plaintiff filed a combined addendum to his complaint and response to the motion to dismiss. (Doc. 17). In addition to the motion to dismiss, under the Prison Litigation Reform Act (PLRA), the Court has a continuing duty to dismiss at any time claims that are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court finds that Defendant Saez's motion to dismiss should be granted and that Plaintiff's claims against the remaining Defendants should be dismissed pursuant to § 1915(e)(2).

**I.   Background**

      This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis. Plaintiff is currently incarcerated in the Wrightsville Unit of the Arkansas Department of Correction. At all times relevant to this complaint, Plaintiff was incarcerated at the Benton County Detention Center (BCDC). He filed this lawsuit on February 5, 2016, maintaining he was denied adequate medical care and subjected to unconstitutional conditions of confinement.

      Plaintiff has sued Dr. Saez in both his individual and his official capacities. Dr. Saez is employed by Southern Health Partners, Inc. (SHP). At the relevant time, SHP was under contract

with the BCDC to provide medical care to detainees. Plaintiff maintains he was denied adequate medical care. Specifically, he alleges that Dr. Saez failed to perform an intake physical or any physical on the Plaintiff. (Doc. 17 at ¶ 13). Plaintiff also alleges he was housed with inmates having tuberculosis (TB), human immunodeficiency virus (HIV), acquired immune deficiency syndrome (AIDS), and Hepatitis C in disregard to the Plaintiff's health needs and jail policy.

Plaintiff indicates an inmate who was HIV and Hepatitis C positive was in the general population in the same cell block, E-107, as Plaintiff from August until September of 2015 and then was in lock-down until January of 2016.[1] (Doc. 17 at ¶¶ 1 & 10). This inmate used the same showers as the other inmates in the cell block. *Id.* at ¶ 1. Moreover, Plaintiff alleges that HIV could have been spread if the inmate had gotten into a fight with the Plaintiff or someone else. *Id.* at ¶ 5. Plaintiff also indicates he was housed with one or more inmates who had AIDS from August of 2015 until February of 2016. *Id.* at ¶ 7. Plaintiff contends it could have been transmitted through blood in the shower or through a fight. *Id.* at ¶ 8. He maintains he was "at RISK!!" *Id.* Plaintiff was tested for AIDS in March of 2016. *Id.* at ¶ 9. He has not seen the results of the test, but he assumes he does not have AIDS. *Id.*

Plaintiff maintains that Hepatitis C could have been spread through the showers or when an inmate has boils, cuts, or sores. (Doc. 17 at ¶ 11). To his knowledge, Plaintiff has not been tested for Hepatitis C. *Id.* at ¶ 12.

Plaintiff indicates he was never given a TB test while at the BCDC and the TB light in the cell block did not work. (Doc. 17 at ¶ 2). He was not housed with anyone who had active TB. *Id.* When he arrived at the Arkansas Department of Correction, Plaintiff was given a TB test and the

---

[1] Throughout his addendum, Plaintiff refers to dates in 2017. Clearly, this is a mistake. Because he filed this case on February 5, 2016, it is most likely that he is referring to dates in 2015 and 2016.

result was negative. *Id*. at ¶ 3. Plaintiff also tested negative for HIV. *Id.* at ¶ 6. However, he points out that it can take a year or more for HIV to show up on a test. *Id.* Plaintiff states the "problem is I was put at RISK IN JAIL to Catch this from Someone They Housed with me." *Id.* He asks that a trial date be set. *Id.*

When asked to describe the custom or policy that Plaintiff believed caused the violation of his rights, Plaintiff responded: "Protection from known risks. Provided with necessary medical. Provided with conditions that are safe, orderly, and sanitary."

## II.     Legal Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009)(*quoting, Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

Under 28 U.S.C. § 1915(e)(2)(B)(i-ii) "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a

claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.   Analysis

#### A.   Individual Capacity Claims

With respect to Plaintiff's denial of medical care claims against Dr. Saez in his individual capacity, Dr. Saez maintains Plaintiff has failed to state a claim to relief that is plausible on its face. Specifically, Dr. Saez argues that Plaintiff has failed to show that he suffered from a serious medical need or suffered any injuries or damages as a result of Dr. Saez's actions or inactions. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The deliberate indifference standard includes "both an objective and a subjective component: (1) that [Plaintiff] suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (internal punctuation marks and citation omitted). Plaintiff has not alleged that he suffered from an objectively serious medical need or that Dr. Saez exhibited deliberate indifference to this need, nor can a reasonable inference be drawn from Plaintiff's allegations that either was the case. The denial of medical care claim against Dr. Saez in his individual capacity must therefore be dismissed.

With respect to Plaintiff's unconstitutional conditions of confinement claim brought against any Defendant in his individual capacity, Plaintiff has alleged that he was housed with

4

inmates with serious contagious diseases. In *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993), the Supreme Court held that the Eighth Amendment protects against future harm to inmates if the Plaintiff proves threats to personal safety from conditions, such as mingling of inmates with serious contagious diseases with other inmates, and if the conditions reveal deliberate indifference to a substantial risk of serious harm. Careful review of the Plaintiff's complaint and addendum shows that no plausible conditions of confinement claim is stated.

Regarding Plaintiff's complaint about possible exposure to TB, "[i]t is well known that TB is a serious disease harmful to the lungs and other organs and that prisons are high risk environments for tuberculosis infection." *Butler v. Fletcher*, 465 F.3d 340, 342 (8th Cir. 2006) (internal quotation marks and citation omitted). As discussed in *Butler*:

> infected persons have either active TB, which is contagious, or inactive TB, which is suppressed by the immune system and not contagious. TB is spread when a person with active TB coughs, sneezes, or exhales. More than a few days exposure is usually required to contract the disease. A person with active TB is no longer contagious once treatment begins. Thus, in a prison setting, an inmate diagnosed with active TB should be segregated from the general population for treatment until the inmate is no longer infectious.

*Butler*, 465 F.3d at 342 (footnote and citations omitted). Plaintiff states he was not housed with anyone who had active TB. (Doc. 17 at ¶ 2). Merely being housed with someone having inactive, non-contagious, TB is insufficient to state a claim because "[t]he objective component of [deliberate indifference] requires proof that [the Plaintiff] was exposed to . . . inmates with active TB cases in a manner that created an unreasonable risk of serious harm to his health." *Butler*, 465 F.3d at 345.

Regarding Plaintiff's complaint about possible exposure to HIV and AIDS, Plaintiff alleges the inmates used the same showers and the disease could be spread through blood in the shower. Further, he alleges there was a possibility that the infected individual would get into a fight with the Plaintiff or someone else in the pod. In *Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1988),

the Plaintiff alleged that he was at risk of contracting AIDS

> because (1) he comes into contact with the sweat of other inmates during work detail; (2) he is subject to bites from mosquitoes which have bitten other inmates; (3) he has been sneezed on by a known homosexual; (4) A.D.C. officials untested for AIDS prepare his food; and (5) the A.D.C. regularly transfers prisoners from cell to cell throughout the prison.

*Id.* The Eighth Circuit found these allegations to be "based on unsubstantiated fears and ignorance." It held that "[t]he possibility of AIDS transmission through these means is simply too remote to provide a proper basis" for the complaint. *Id.*; *see also Marcussen v. Brandstat*, 836 F. Supp. 624, 628 (N.D. Iowa 1993) (The possibility of transference of AIDS through everyday contact is simply too remote to show that there is a pervasive risk of harm to inmates and a failure of prison officials to reasonably respond to that risk). In *Robbins v. Clarke*, 946 F.2d 1331 (8th Cir. 1991), the court affirmed the district court's holding that "the failure to segregate HIV-positive prisoners from the general population does not constitute cruel and unusual punishment of the uninfected prisoners." *Id.* at 1333. In *Marcussen*, the inmate claimed that "prison officials exposed him to a pervasive risk of harm by allowing other inmates to use sharp objects, such as a razor, that could cause blood-to-blood transmission of HIV." *Marcussen*, 836 F. Supp. at 628. The court rejected the plaintiff's claim noting that other courts had rejected claims involving allegations that a former cellmate with AIDS tampered with his toothbrush, toothpaste, and razor blade. *Id.* (*citing Johnson v. United States*, 816 F. Supp. 1519 (N.D. Ala. 1993)). In *Johnson*, the plaintiff also alleged he observed his cellmate's blood on their sink, toilet and towels. *Johnson*, 816 F. Supp. at 1521. The court held that plaintiff had not presented facts or allegations that the decision to house him with an AIDS infected individual evidenced a culpable state of mind on the part of defendant. *Id.* at 1524. In *Wilmoth v. Hamblen County Jail Staff*, No. 2:09-cv-121, 2009 WL 4807622 (E.D. Tenn. Dec. 9, 2009), the Plaintiff alleged that an HIV positive inmate spat on him. *Id.*, *1. The Court found no claim was stated because:

6

> there is no contention that any defendant knew that plaintiff's HIV-positive cell mate spat on plaintiff; that the HIV-afflicted inmate was prone to do so; or that he was predisposed to commit acts which posed a risk of transmitting the disease. Logically, unless a defendant actually knows about an unsafe condition, he cannot consciously disregard any attendant risk of serious harm to an inmate's health or safety. Therefore, because the state-of-mind element of an Eighth Amendment claim is missing, plaintiff has failed to state an independent claim involving his HIV-positive cell mate.

*Id.* at *3.

In this case, Plaintiff's allegations are even more remote than those rejected in the above cases. HIV and AIDS are not spread through casual contact. Plaintiff has failed to allege behavior from infected inmates that exposed him to a pervasive risk of harm. The possibility that he might contract HIV or AIDS through blood in the shower is too remote and insufficient to establish a pervasive risk of harm. Similarly, the mere possibility of a fight between Plaintiff and the HIV positive or AIDS inmate is simply too remote on the allegations of this case. Plaintiff has not alleged the HIV-positive inmate he was housed with was prone to fight or had threatened Plaintiff. Plaintiff's allegations with respect to being housed with inmates with HIV and AIDS positive inmates fail to state a claim upon which relief may be granted.

Regarding Plaintiff's complaint about exposure to Hepatitis C, Plaintiff alleges he was exposed to the blood of an inmate with Hepatitis C through the showers. He alleges "when you have boils, cuts, sores, they bleed when the water gets the scabs wet, they come off. The showers were not cleaned before he showered or after he showered." (Doc. 17 at ¶ 11). Hepatitis C is spread "when blood from a person infected with Hepatitis C enters the body of someone who is not infected." *Centers for Disease Control and* Prevention, http://www.cdc.gov/hepatitis/hcv/cfaq.htm (accessed July 11, 2016). It is not spread through the air, through casual contact, through sharing eating utensils, coughing, sneezing, food, or water. *Id*. Plaintiff has not alleged that the infected inmate had a history or risky behavior that would increase the likelihood

7

of transmission. He has not alleged that the inmate known to have Hepatitis C had boils, cuts, or sores. He also has not alleged that he himself had open wounds through which the disease could enter his own body. The mere possibility that he could possibly contract Hepatitis C through blood in a shower is too remote to establish a pervasive risk of harm.

**B.      Official Capacity Claims**

Dr. Saez argues that Plaintiff has not alleged any facts that show an official institutional policy or custom reflecting deliberate indifference to his serious medical needs. Dr. Saez therefore moves for dismissal of the official capacity claims against him. Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Vetch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a denial of adequate medical treatment is insufficient. Plaintiff has not pointed to any principle or procedure made by the "institution's official who has final authority in such matters." *Id*. Nor has Plaintiff alleged a "custom" claim. "[A] custom can be shown only by adducing evidence of a continuing,

8

widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official capacity claims against Dr. Saez should be dismissed. With respect to Sheriff Cradduck, Plaintiff has alleged that Sheriff Cradduck should provide each inmate with protection from known risks, necessary hygiene and sanitation, and safe and orderly conditions. (Doc. 1 at 5). This is insufficient to allege the existence of a custom or policy of Benton County. With respect to Deputy Hale, Plaintiff alleges each inmate should have unfettered access to redress grievances, be provided with protection from risk of injury or harm, and be provided with safe and orderly conditions. Once again, Plaintiff has not alleged the existence of a Benton County policy or custom that was the moving force behind a violation of his constitutional rights.

**IV.   Conclusion**

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 7) filed by Separate Defendant Dr. Saez is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii), the remaining claims are DISMISSED because the claims asserted are frivolous and fail to state claims upon which relief may be granted.

Judgment will be entered accordingly.

IT IS SO ORDERED this 18th day of July, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE